```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

           MAY 0 8 2003        KN
                AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
   BY                          DEPUTY
```

CV 03-1053 #3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOTIMA MANGUNGU AND GRACE MANGUNGU,<br><br>Plaintiffs,<br><br>v<br><br>THE CITY OF SEATTLE, et al ,<br><br>Defendants | C03-1053P<br><br>King County Superior Court<br>Cause No.: 03-2-23611-0SEA<br><br>**VERIFICATION OF STATE COURT RECORDS** |

## VERIFICATION

The undersigned hereby declare the following

1   The undersigned are attorneys of record for the above-named defendants

2   Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No 03-2-23611-0SEA

VERIFICATION OF STATE COURT
RECORDS - 1

STAFFORD FREY COOPER
─── Professional Corporation ───
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

\\EARTH\DATA\CLIENTS\3019\24597\PLD REMOVAL VERIFICATION DOC

| Exhibit | Document |
|---|---|
| A | Summons and Complaint |
| B | Notice of Appearance – Defendant City of Seattle Stafford Frey Cooper |

DATED this _7_ day of May, 2003 at Seattle, Washington

**STAFFORD FREY COOPER, P.C.**

By _____
Stephen P. Larson, WSBA #4959
Jeff T Gutierrez, WSBA #31971
Attorneys for Defendants

VERIFICATION OF STATE COURT
RECORDS - 2

STAFFORD FREY COOPER
—Professional Corporation—
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

\\EARTH\DATA\CLIENTS\3019\24597\PLD REMOVAL VERIFICATION DOC

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BOTIMA MANGUNGU AND GRACE MANGUNGU, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SEATTLE; CITY OF SEATTLE POLICE DEPARTMENT; and TOM CONRAD AND JANE DOE CONRAD husband and wife, and the marital community composed thereof; AND STEVEN JANDOC AND JANE DOE JANDOC, husband and wife, and the marital community composed thereof, additional Officers John and/or Jane Doe and their respective marital communities,<br><br>Defendants. | Case No.:<br><br>SUMMONS |

TO THE DEFENDANT(S): A lawsuit has been started against you in the above-entitled Court by plaintiff above-named. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy on the person signing this Summons within 20 days after the service on you of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what he asks for because you have not responded. If you serve a Notice of Appearance on the person signing this Summons, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

Exhibit A

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South   Suite 320
Seattle, Washington 98104-2577
(206) 622-9909   Fax (206) 622-6636

[RECEIVED 03 APR 10 AM 10:27 CITY OF SEATTLE MAYOR'S OFFICE]

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served on the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit or this service on you will be void

If you wish to seek the advice of an attorney you should do so promptly, so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this ___ day of March, 2003

*[signature]*

Andrew W. Schwarz, WSBA#17303
Attorney for Plaintiff

SUMMONS - 2

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South   Suite 320
Seattle, Washington 98104-2577
(206) 622-9909   Fax (206) 622-6636

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| BOTIMA MANGUNGU AND GRACE MANGUNGU, husband and wife,<br><br>Plaintiffs,<br><br>v<br><br>THE CITY OF SEATTLE, CITY OF SEATTLE POLICE DEPARTMENT; and TOM CONRAD AND JANE DOE CONRAD husband and wife, and the marital community composed thereof, AND STEVEN JANDOC AND JANE DOE JANDOC, husband and wife, and the marital community composed thereof, additional Officers John and/or Jane Doe and their respective marital communities<br><br>Defendants. | Case No.:<br><br>COMPLAINT |

CITY OF SEATTLE
MAYOR'S OFFICE
RECEIVED
03 APR 10 AM 10:28

COME NOW, Plaintiffs, by and through their attorney, Andrew W. Schwarz, and allege and complain as follows.

### A. PARTIES AND VENUE

1. All events referred to in this complaint occurred in King County, Washington unless specified as being elsewhere

2. Plaintiffs are husband and wife, residing in King County, Washington at all times relevant to this complaint.

3. Tom Conrad and Jane Doe Conrad, Detective S Jandoc and Jane Doe Jandoc are, on information and belief, residents of King County, Washington During all relevant times,

COMPLAINT - 1

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South  Suite 320
Seattle, Washington 98104-2577
(206) 622-9900   Fax (206) 622-6636

the named defendants Conrad and Jandoe were employed as police officers by the City of Seattle Police Department, acting within the scope of their employment with the City.

4   The City of Seattle is a municipal corporation organized under the laws of the state of Washington

5   Pursuant to RCW 4 96 020, Plaintiffs served their Claim for Damages on the City of Seattle via legal messenger on December 6, 2001. More than sixty days has elapsed since the date of service of said Claim for Damages.

### B. FACTS

6   On or about April 23, 2001, Plaintiff Botima Mangungu was at work at his usual job location on the premises of the Greyhound Bus Terminal in the City of Seattle

7.   Mr Mangungu was employed as a baggage handler and customer service agent at the terminal. On the date in question, he was in uniform and performing his regular tasks assisting passengers and loading and unloading busses.

8.   Mr. Mangungu was born and raised in the African nation of Congo and has dark skin At the time of the incident in question he was dressed in dark blue uniform slacks issued by Greyhound and a gray uniform shirt with the Greyhound logo prominently displayed. He wore a Greyhound uniform hat over his extremely short cropped hair At the time of the incident Mr. Mangungu was thin, weighing approximately 160 pounds.

9.   Mr. Mangungu was one of approximately five black employees who were identically dressed and working at the bus depot on the date in question.

10.   On April 23, 2001 at 12 07 hours, the Seattle police received a report of a bank robbery at a location in downtown Seattle The robber was described by witnesses as a large or husky black male in his forties, approximately five feet, eight inches tall, and two hundred pounds with shaggy hair, a tan jacket, and carrying a Bartell's Drug Store shopping bag which was

COMPLAINT - 2

filled with money. The stolen money contained an electronic tracking device that was transmitting a traceable radio signal.

11  By means of the radio transmitter Police Tracking Device (PDT) that had been placed in the bag with the money, the police were able to follow the robber in several different police cars and coordinate officers for the arrest.

12. The police were able to follow every turn made by the robber. When the signal indicated that the suspect had entered the Greyhound Depot, there were at least twelve Seattle Police officers at the scene to contain the area and prevent the suspect from leaving. Within minutes, another ten officers arrived.

13. Not withstanding the radio locator and the officers surrounding the bus depot, at least two police officers, in plain clothes, ran into the depot with guns drawn. On information and belief, the officers who entered the depot and assaulted the plaintiff were one or both or the named individual defendants. The depot was crowded with passengers and Greyhound employees as several buses were unloading passengers and one bus was loading.

14. The officers quickly ran through the terminal, jumping around passengers and baggage and displaying their weapons. Within moments of getting out of their car, they ran up to plaintiff Mr Mangungu. They pointed their guns at him and one of the officers threw him to the ground.

15  They screamed at him to be still and by their manner and gestures threatened to use deadly force. They handcuffed Mr Mangungu and placed their weapons in his face and at the back of his head while shouting at him not to move. One officer placed his knee behind Mr. Mangungu's neck while the other placed his gun on Mr. Mangungu's forehead and continued to scream orders into his face.

16  People scattered in all directions. One of Mr. Mangungu's fellow workers tried to determine what was going on but was told by the police to shut up. Because the assailants

COMPLAINT - 3

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South   Suite 320
Seattle, Washington 98104-2577
(206) 622-9909   Fax (206) 622-6636

were not in Police uniforms, it appeared that a violent robbery was occurring, adding to the confusion.

17. At about the same time, the robber, unaware of the commotion inside, walked out of the bus depot and directly into the hands of waiting officers. He was arrested without incident. He had the bag of money in his hand. He wore a tan jacket, was older and much heavier than Mr. Mangungu and had thick, shaggy hair.

18. Mr Mangungu was picked up off the ground and released. A Lieutenant Whelan of the Seattle Police department approached Mr. Mangungu shortly thereafter and apologized for the incident.

19. Mr. Mangungu was in shock. He had injured his knee, leg, and hip when he was thrown to the pavement. He was psychologically and emotionally traumatized. He was approached by several co-workers who found him non-responsive and dazed. He appeared to be deeply traumatized.

20. The aforementioned emotional and physical injuries to Mr.Mangungu impacted his marriage and relationship with his wife and children. Plaintiff Grace Mangungu suffered loss of love, affection, care, services, companionship society and consortium due to the injuries to her husband.

21. Several days later, Mr. Mangungu was attempting to work. While loading a heavy metal toolbox onto a bus, he heard the siren of a police car close to the depot. He had a dissociative response, typical of Post Traumatic Stress, which caused him to blackout and drop the toolbox onto his foot causing severe injury

## C. CAUSES OF ACTION

22. The events above described constitute an assault and battery by defendants upon Mr Mangungu. The acts described are tortuous battery because (1) the defendants had no right to use any force against Mr. Mangungu in this situation, and (2) to the extent they

COMPLAINT - 4

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South   Suite 320
Seattle, Washington 98104-2577
(206) 622-9909   Fax (206) 622-6636

mistakenly believed they had the right to employ some force, the force actually employed was excessive.

23. The events above described constituted unlawful imprisonment of Mr. Mangungu by Defendants

24. The events above-described constitute Negligent Infliction of Emotional Distress

25. The events above-described constitute Intentional or Reckless Infliction of Emotional Distress, otherwise known as the tort of Outrage.

26. The events above-described constituted false arrest of Mr. Mangungu by Defendants

27. The events above-described constituted a violation of 42 United States Code, Section 1983 since the defendants acted under the color of state law to deprive Mr. Mangungu of his federal constitutional rights to be free from unreasonable search and seizure, and arrest through the use of excessive force.

28. Defendants City of Seattle and Seattle Police negligently hired, trained, supervised, and retained Defendants Conrad and Jandoc

29. As a result of the tortuous injury to Mr Mangungu, his wife Grace Mangungu suffered loss of love, affection, care, services, companionship, society and consortium

### D. DAMAGES

30  Plaintiff Mr Mangungu was injured as a result of defendants' intentional and negligent acts Mr. Mangungu resulting damages include the following categories in amounts to be determined at trial:

A. Pain and suffering for his personal injuries;

B  Mental and emotional distress;

C. Medical costs;

D  Expenses relating to medical costs;

E. Punitive damages as allowed by law; and

COMPLAINT - 5

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South   Suite 320
Seattle, Washington 98104-2577
(206) 622-9909   Fax (206) 622-6636

F.  All other damages discovered during this litigation

31  Plaintiff Grace Mangungu suffered damages because of the injuries to her husband, in the form of loss of love, affection, care, services, companionship, society and consortium, in an amount to be established at trial.

WHEREFORE, Plaintiffs request relief as follows

A  A judgment in their favor,

B.  An award of damages as set forth above,

C  An award for the costs and fees for maintaining this action, and,

D  For whatever further relief the court deems fair and just

Dated this C4 day of March, 2003.

Andrew W. Schwarz, WSBA#17303
Attorney for Plaintiff

COMPLAINT - 6

THE LAW OFFICE OF
ANDREW W. SCHWARZ
119 First Avenue South  Suite 320
Seattle, Washington 98104-2577
(206) 622-9909   Fax (206) 622-6636

The Honorable Glenna S Hall

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| BOTIMA MANGUNGU AND GRACE MANGUNGU,<br><br>    Plaintiffs,<br><br>v<br><br>THE CITY OF SEATTLE, et al ,<br><br>    Defendants | No 03-2-23611-0 SEA<br><br>NOTICE OF APPEARANCE |

TO:    The Clerk of the Above-Entitled Court

AND TO    Andrew W Schwarz, Attorney for Plaintiffs

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned hereby appears as counsel of record for defendant CITY OF SEATTLE, without waiving the questions of·

1.    Lack of jurisdiction over the subject matter,

2    Lack of jurisdiction over the person;

3    Improper venue,

4    Insufficiency of process,

5    Insufficiency of service of process,

NOTICE OF APPEARANCE - 1
M \CLIENTS\3019\24597\PLD NOA DOC

Exhibit B

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE WASHINGTON 98101-2621
TEL (206) 623-9900
FAX (206) 624-6885

6.     Failure to state a claim upon which relief may be granted, and

7.     Failure to join a party under Rule 19.

YOU ARE FURTHER NOTIFIED that all further papers and pleadings herein, except original process, shall be served upon the undersigned attorneys at the address stated below.

DATED this 24 day of April, 2003

STAFFORD FREY COOPER

By _____
Stephen P. Larson / WSBA # 4959
Attorneys for Defendant City of Seattle

NOTICE OF APPEARANCE - 2
M:\CLIENTS\3019\24597\PLD NOA.DOC

STAFFORD FREY COOPER
Professional Corporation
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL (206) 623-9900
FAX (206) 624-6885

## Certificate of Service

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **NOTICE OF APPEARANCE** on the following individuals

**Andrew W. Schwarz**
**Law Office of Andrew W. Schwarz**
**119 First Avenue, Suite 320**
**Seattle, WA  98104-2577**

*Attorneys for Plaintiff*

[ ] Via Messenger
[X] Via Mail

DATED this 24th day of April, 2003

_____
Sally Phillips

NOTICE OF APPEARANCE - 3
M:\CLIENTS\3019\24597\PLD NOA.DOC

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 Rainier Tower
1301 Fifth Avenue
Seattle, Washington 98101-2621
Tel (206) 623-9900
Fax (206) 624-6885