## DECLARATION

STATE OF WASHINGTON   )
                                               )ss.
COUNTY OF KING          )

03-CV-01053-DECL

I, Andrew W. Schwarz, declare as follows:

1) I am the attorney of record for Plaintiffs Botima and Grace Mongungu under United States District Court Case Number C03-1053.

2) On October 2, 2003 Plaintiff propounded Interrogatories and Requests for production to Defendant Officer Jandoc, Defendant Officer Conrad, and the Defendant City of Seattle. All three discovery requests were due on November 3, 2003. (See exhibit 1, attached and incorporated by reference herein.)

3) On October 21, 2003 a second set of Requests for Production was directed to Defendant City of Seattle. In a cover letter to counsel, I explained the specific documents we sought and provided the name and phone number of the individual at the Seattle Police Department who would be able to provide some of the necessary documents. I received no response to that letter and no reply to the Requests for Production. (See exhibit 2, attached and incorporated by reference herein.)

4) On October 27, 2003, I received a request from Defense Counsel for an extension of time to respond to the first Three Interrogatories and Requests for production. (See exhibit 3, attached

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
1

**ORIGINAL**

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

and incorporated by reference herein.) I responded by letter, agreeing to the extension of time for 30 days, making the answers to those discovery requests due on December 3, 2003. (See exhibit 4, attached, and incorporated by reference herein.)

5) In the same letter, I specifically indicated that this extension did not apply to the Second set of Requests for Production, currently due on November 21, 2003, as they were not included in the request for additional time. I asked that Counsel inform me if further time would be needed to comply with the second set of Requests for Production. I received no response to my letter.

6) On November 14, 2003 this office was served with answers to two of the three outstanding Interrogatories and Requests for production. The discovery requests directed to Officers Conrad and Jandoc were returned, while the Interrogatories and Requests for Production directed to the City of Seattle were not. (See exhibits 5, and 6 attached, and incorporated by reference herein.)

7) While answers were provided to some of the Interrogatories, others were incomplete and many were objected to and no answers or explanations were provided. (See exhibits 5 and 6, attached, and incorporated by reference herein.)

8) The answers to Interrogatories provided by Defendants Jandoc and Conrad were signed by the individual defendants but the pages provided for Defense Counsel's signature had been removed and no attorney signature was included, contrary to the requirements of Fed. R. Civ. P. 26(g)(2)

9) On November 26, 2003 I sent a letter to Defense Counsel calling his attention to the omission of the attorney signature pages, inquiring as to the reason for this anomaly, and asking that they be submitted in the proper manner. In the same letter, I noted that I had received no response

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
2

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

from the City of Seattle and that the Second Request for Production was past due. I asked counsel to consider the manner in which his office was dealing with discovery and encouraged him to comply with the rules. I received no response to my letter. (See exhibit 7, attached, and incorporated by reference herein.)

10) No answers were ever received to the Interrogatories and Requests for Production directed to the City of Seattle. Likewise, no responses have ever been received to the Second set of Requests for Production. (See Exhibit 10 and 11, attached and incorporated by reference herein.)

11) In answering the Interrogatories and Requests for production directed to Defendant Officer Jandoc, (the complete document is attached as exhibit 5), the following objections were received:

    A. In response to Interrogatory #2, questions about the names, addresses and dates of Defendant's employment for current and former jobs, the reason the defendant left each job, and the name of a contact person at each:

    No information was provided about prior employment, or dates of current employment.

    B. In response to Interrogatory #4, questions about educational history including schools attended, degrees issued, and dates attended:

    Objection: Defendant objects to this interrogatory on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

    C. In response to Interrogatory #6, questions about whether the Defendant was ever a

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
3

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2572
(206) 622-9909  Fax (206) 622-6636

party to a lawsuit and requesting specific information about any such lawsuits:

Objection, vague and overbroad. Objection to portions of the question on the assertion that the information requested is "available as public record and is easily obtainable by plaintiff."

D. In response to Interrogatory #8, questions concerning the internal review procedures used by the Seattle Police Department for the correction or prevention of officer misconduct and specific questions of prior allegations of misconduct against this officer:

Defendant does not work in IIS and cannot testify to the nature of the procedures of IIS. Defendant does not know.

Objection: Defendant objects to this request for production (sic) on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994)

E. In response to the Request for Production associated with Interrogatory # 8:

N/A. See answer and objection to interrogatory number 8.

F. In response to Interrogatory #9, questions of insurance coverage for the individual defendant or his employer:

Objection: Defendant objects to this interrogatory on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections defendant answers as follows: No (presumably this answers the question: were you or your employer insured.) Then, an additional answer follows: City of Seattle, Claim

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
4

Department. (Presumably, the name of the insurer regarding which the defendant previously answered "no.")

G. In response to Interrogatory #10, questions regarding the Defendant's monthly income:

Objection: Defendant objects to this request for production (sic) on the grounds that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiff seeks information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

H. In response to Interrogatory #11, questions of Defendant's net worth and request for production of Income Tax Records:

Defendant objects to this request for production (sic) on the grounds that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiff seeks information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

I. In response to the request for production of IRS records:

N/A. See objection to interrogatory number 11.

J. In response to Interrogatory #13(b), a question regarding the substance of any conversation or oral report about [this] incident including the date and persons involved:

Objection: Defendant objects to this request for production (sic) on the grounds that it is overly broad. Furthermore, defendant objects on the ground that plaintiff plaintiff appears to be

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
5

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

seeking information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994). Incomplete answers follow.

K. In response to request for production number 23, regarding training materials:

See answer to Interrogatory number 23 (no recall of any specific information regarding training materials, contents, authors, etc.) Furthermore, to the extent that plaintiff seeks information that would place a threat to officer safety, or would impede the effective administration of the City of Seattle Police Department, or would impinge on the SPD's right to claim privilege, this defendant objects to the disclosure of such documents under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

L. In response to interrogatory number 24, regarding specific allegations of misconduct, investigations, or citizen complaints against this defendant:

Objection: Defendant objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

M. In response to the request for production number 24:

See objection to interrogatory number 24.

12) Similar objections were received in answer to the Interrogatories and Requests for Production directed to Defendant Officer Conrad (the complete document is attached as exhibit 6) in the following instances:

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
6

A. In response to Interrogatory #4, questions about educational history including schools attended, degrees issued, and dates attended:

Objection: Defendant objects to this interrogatory on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

B. In response to Interrogatory #8, questions concerning the internal review procedures used by the Seattle Police Department for the correction or prevention of officer misconduct and specific questions of prior allegations of misconduct against this officer:

Defendant does not work in IIS and cannot testify to the nature of the procedures of IIS. Defendant does not know.

Objection: Defendant objects to this interrogatory on the grounds that it is vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

C. In response to Interrogatory #9, questions of insurance coverage by the individual defendant or his employer:

Objection: Defendant objects to this interrogatory on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections defendant answers as follows: No (presumably this answers the question: were you

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
7

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

or your employer insured.) Then, an additional answer follows: City of Seattle, Claim Department. (Presumably, the name of the insurer regarding which the defendant previously answered "no.")

D. In response to Interrogatory #10, questions regarding the Defendant's monthly income:

Objection: Defendant objects to this interrogatory on the grounds that it is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiff seeks information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

E. In response to Interrogatory #11, questions of Defendant's net worth and request for production of Income Tax Records:

Defendant objects to this interrogatory on the grounds that it is irrelevent, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiff seeks information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

F. In response to the request for production #11 for production of IRS records:

Not applicable. See objection to interrogatory number 11.

G. In response to request for production number 23, regarding training materials:

See answer to Interrogatory number 23 (no recall of any specific information regarding training materials, contents, authors, etc.) Furthermore, to the extent that plaintiff seeks

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
8

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

information that would place a threat to officer safety, or would impede the effective administration of the City of Seattle Police Department, or would impinge on the SPD's right to claim privilege, this defendant objects to the disclosure of such documents under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

H. In response to interrogatory number 24, regarding specific allegations of misconduct, investigations, or citizen complaints against this defendant:

Objection: Defendant objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

I. In response to the request for production number 24:

See objection to interrogatory number 24.

13. All of the Interrogatories and Requests for production were propounded in good faith in an effort to secure discoverable information and documents that could be used in the discovery process and at trial. The initial disclosures from the Defense were so meager and incomplete that it would be meaningless to set depositions or otherwise proceed without full and complete answers to the discovery currently outstanding.

14. On my return from a family trip over the holidays, I was concerned to see that none of the expected discovery had been provided. I called Defense Counsel immediately, but was not able to speak to him directly. I called back in hopes of making contact. I was again directed to his

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
9

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2677
(206) 622-9909  Fax (206) 622-6636

voice mail. I left a lengthy message indicating that discovery was long past due, I asked him to call me right away to explain what was holding things up and requested that he immediately provide the necessary documents to allow the case to move forward.

15. On the morning of January 14, 2004, my office received a message from Defense Counsel. The message was highly apologetic, asserting "mea culpa" and promising to respond to the discovery requests with all possible speed. (See attached exhibit 8, a true and correct transcription of the telephonic message left by counsel, incorporated by reference herein.)

16. On January 22, 2004, I called Defense Counsel again, and was again directed to his voicemail. Rather than leaving another message, I wrote a quick letter to him, raising my concerns about the delays and asking that he call me immediately. I received no response. (See exhibit 9, attached, and incorporated by reference herein.)

17. On January 28, 2004, I had still received none of the promised discovery, no call from counsel, and, after reviewing all the efforts to date to get some response from the Defense, I began preparing this motion.

18. On January 30, 2004 and again on February 3, 2004 I attempted to contact Defense Counsel for purposes of complying with Rule 37. I was again told that he was "out of the office" and I was directed to his voice mail. On February 3, 2004 I again left a message indicating the long delay in providing discovery, requesting an explanation, and a date upon which I should expect to receive the missing documents. As of the date of filing of these documents, I have received no response. Under these circumstances, it appears to me that further attempts to contact counsel,

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
10

point out the outstanding discovery problems, and request compliance will produce no better results than those efforts have before.

19. As a result of the Defense failure to timely comply with discovery, I have had to spend over 22 and half hours pursuing overdue discovery and preparing this motion. In addition to my fees at $200 per hour, reasonable expenses have been incurred in processing this motion.

20. The objections noted above, in combination with incomplete responses, and failures to respond have rendered the discovery process untenable and have served to make reasonable prosecution of this case impossible. Until more complete answers are provided, there is little or no point in proceeding with further efforts at resolving this matter, including further requests for production, depositions, requests for admission, and motions for summary judgment. As a result, the deadlines for further discovery motions and other discovery matters should be extended for a reasonable period.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my information and belief.

Feb 4 2004, Seattle
Date and place

Andrew W. Schwarz
WSBA #17303

Declaration of Counsel
in support of Plaintiff's
Motion to Compel Discovery
C03-1053
11

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636