The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BOTIMA MANGUNGU and GRACE MANGUNGU,<br><br>                Plaintiffs,<br><br>     v.<br><br>CITY OF SEATTLE; SEATTLE POLICE DEPARTMENT; OFFICER TOM CONRAD and JANE DOE CONRAD, husband and wife and the marital community composed thereof; and SERGEANT STEVEN JANDOC and JANE DOE JANDOC, husband and wife and the marital community composed thereof,<br><br>                Defendants. | No.  C03-1053P<br><br>DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION<br><br>**NOTED ON MOTION CALENDAR:<br>MONDAY, MARCH 8, 2004** |

JENNIFER A. TRAN declares as follows:

1.    I am one of the attorneys of record for the defendants in the above-entitled case and make this declaration based on matters known to me and to which I am competent to testify.

---

DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION - C03-1053P - 1
U:\CLIENTS\3019\24597\PLD CITY PROTECTIVE ORD REPLY-JAT DECL.DOC

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

2.	On February 19, 2004, plaintiff's counsel and I conferred regarding the discovery plaintiff had requested from Officers Tom Conrad and Steven Jandoc and the City of Seattle.  Over the next week, we exchanged correspondence regarding discovery issues.

3.	On February 27, 2004 we again conferred for about an hour and a half.  What follows is a summary of the discovery issues we discussed.

4.	We went through the officers' responses and discussed which ones the plaintiff believed was inadequate.  After our discussion, the only remaining clarification that plaintiff wanted from Sgt. Jandoc was a statement that, prior to his job at the SPD, he was not employed elsewhere on a full-time basis.  Plaintiff stated that Sgt. Jandoc's response, "N/A" was confusing.  Plaintiff did not ask for clarification for any other interrogatories propounded to the officers.

5.	We further agreed to enter into a discovery stipulation which would make the officers' financial information available to the plaintiff if, and only if, the jury found the officers' personally liable, and awarded the plaintiff punitive damages.

6.	After discussing the propriety of the IIS files pertaining to general misconduct allegations, plaintiff agreed to withdraw his request for IIS files relating to all and any allegations of Seattle Police misconduct.  The City agreed, as it expressly did in answers to requests for production, that it would present for *in camera* review the IIS files relating to the individually named defendant officers for a judicial determination of the files' relevance.

7.	During our conversation, plaintiff also requested whether the City had materials relating to the tracking device used by the officers and training manuals on how to assess a potential risk in the crowd.  While plaintiff did <u>not</u> propound these discovery requests on the City of Seattle, I informed plaintiff that I would check with the City to determine whether such documents exist and get back to him.

DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION - C03-1053P - 2

U:\CLIENTS\3019\24597\PLD CITY PROTECTIVE ORD REPLY-JAT DECL.DOC

STAFFORD FREY COOPER
———— *Professional Corporation* ————
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

8. The parties also discussed scheduling of certain witnesses for depositions.

9. I also asked plaintiff whether it was necessary for judicial intervention in light of our resolution of nearly every discovery issue and whether it would be more economical for the parties and the court if we both agreed to strike all pending motions. Plaintiff stated that he was not outright rejecting my proprosal, that he would consider striking his motion to compel, but noted that an issue of attorney fees remained. He stated that we should revisit the issue early the following week.

10. During our conversation, plaintiff further alluded to the fact that he lost time conducting discovery. I informed plaintiff that if he felt he had been prejudiced by the City's delay in producing documents, the City would agree to an extension of time to conduct discovery and possibly move the Court for a continuance of the trial date if necessary. Plaintiff declined and stated that he would withdraw his request for an extension of time, which is contained in his motion to compel.

11. Despite the fact that the parties had resolved virtually all disputes, and were working cooperatively with one another, early this week, plaintiff insisted on having a court hearing on plaintiff's motion to compel. When the City asked plaintiff what issues remained, plaintiff responded that, in addition to plaintiff's request for fees, the motion contained a "waiver" argument. According to plaintiff, the City's failure to timely respond to plaintiff's discovery requests amounted to an absolute waiver of any objections the City could have asserted. The position now taken by plaintiff destroys the parties' previous discovery agreements.

DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION - C03-1053P - 3

U:\CLIENTS\3019\24597\PLD CITY PROTECTIVE ORD REPLY-JAT DECL.DOC

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1  I declare under penalty of perjury under the laws of the State of Washington that
2  the foregoing statements are true and correct to the best of my information and belief.
3  DATED this 5th day of March, 2004, at Seattle, Washington.

4
5                         /s/Jennifer Tran via ECF
                          Jenifer A. Tran
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION - C03-1053P - 4
U:\CLIENTS\3019\24597\PLD CITY PROTECTIVE ORD REPLY-JAT DECL.DOC

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

| | |
|---|---|
| 1 | |

## Certificate of Service

1. I certify that on the date noted below I presented DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following persons:

Andrew Schwarz
awslaw@wolfnet.com
119 - 1st Avenue, #320
Seattle, WA  98104
(206) 622-9909
FAX:  (206) 622-6636
    *Attorney for Plaintiffs*

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:


[ ] Via Facsimile
[ ] Via First Class Mail
[ ] Via Messenger

DATED this 5th day of March, 2004, at Seattle, Washington.


                                    /s/ Jennifer A. Tran via ECF
                                    Jennifer A. Tran, WSBA #28756

---

DECLARATION OF JENNIFER A. TRAN IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND BIFURCATION - C03-1053P - 5

U:\CLIENTS\3019\24597\PLD CITY PROTECTIVE ORD REPLY-JAT DECL.DOC

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885