DECLARATION

STATE OF WASHINGTON                )
                                                        )ss.
COUNTY OF KING                        )

I, Andrew W. Schwarz, declare as follows:

1) I am the attorney of record for Plaintiffs Botima and Grace Mongungu under United States

District Court Case Number  C03-1053.

2) This is a simple case.  It involves an unjustified arrest without a reasonable suspicion of

criminal behavior, which resulted in injury to the plaintiff.  Discovery could certainly have been

completed by now.  Unfortunately, the flow of discovery has been sporadic and contentious.

3) In their declarations regarding this and other pending motions, counsel for the defense have

made representations that are both malicious and false.

4) I have made repeated and continuing attempts to call counsel's attention to discovery failures,

beginning in November of 2003.  These efforts generally produced no response.  (See

Declaration of Counsel in Support of Motion to Compel and attached Exhibits, incorporated by

reference herein.)

5) Once Plaintiff's Motion to Compel was filed, the defense finally produced much of the

requested discovery, but not all.  On February 17, 2004, the defense produced the long missing

signature pages for the individual Officer's responses to Interrogatories and Requests for

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
1



03-CV-01053-DECL

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

ORIGINAL

Production. That omission was first called to the attention of the defense in a letter dated November 26, 2003. (See letter attached as exhibit 7 to Counsel's Declaration in Support of Plaintiff's Motion to Compel) On February 19, 2004, Defendant City of Seattle finally produced responses to interrogatories that had been due on November 3, 2003.

6) After reviewing the newly produced discovery, I attempted to engage Ms. Tran in discussions to resolve the pending motions. On 2/ 27/04, I initiated a lengthy conference. Defense counsel's assertions regarding alleged "agreements" resulting from that conference are greatly overstated.

7) The only agreement reached was the stipulation regarding the officers' financial records. I proposed that stipulation and dictated the language that was ultimately adopted.

8) I proposed a number of other possible stipulations by which the discovery issues could be resolved. Defense counsel was willing to discuss the proposals but appeared unwilling or unable to commit to any agreement to resolve the outstanding issues.

9) I contacted Mr. Larson on Tuesday or Wednesday (March 2nd or 3rd) to find out if the defense was going to agree to any of the proposals raised during the lengthy discussions that occurred in his absence. Mr. Larson did not appear to be willing to agree to anything. Given the looming deadline for responding to the defendants' motion for protective order that was still pending, I had no choice but to terminate the conversation and prepare my response. Despite my best efforts, we had reached no agreement of any kind regarding the outstanding issues other than the one stipulation.

10) The following Interrogatories and Requests for Production have not been answered or have

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
2

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

been only partly answered:

A.   Interrogatories addressed to City of Seattle (see responses attached and incorporated by

reference herein)

3.      Has any investigation into this incident been conducted by the internal affairs division of the
        department or by any other officer or employee of the CITY OF SEATTLE?

        If so, please state and describe:

        (a)     the nature and substance of the said investigation, including but not limited to the
                identity of each individual or witness who was interviewed or consulted during said
                investigation, setting forth the nature and contents of any statement given by said
                individual, whether any individuals were known to the Department and were not
                interviewed or refused to be interviewed, whether demands for polygraphs were
                made, and the outcome of said investigation, including both the decision rendered
                and any and all disciplinary actions or other consequences that followed as a result
                therefrom. Were the officers involved demoted, promoted, or was no action taken?

        (b)     any reports, memoranda, summaries, photographs, videos, emails, or audiotapes or
                physical evidence and/or documents produced, generated, or collected during said
                investigation.

        ANSWER:  Yes.  As a result of the civil Complaint filed by Mr. Mangungu, by his lawyer
Andrew Schwarz, an investigation was done by the Internal Investigation Section of the Seattle
Police Department. Mr. Mangungu was asked to cooperate, and refused to do so. That investigation
was and is internal, for internal purposes only, privileged, confidential, and not subject to disclosure.
No demands for polygraphs were made, the matter has not been formally concluded, and there have
been no demotions or promotions as a result.  In response to Section (b) of Interrogatory No. 3, as
well as the following Request for Production, these materials are confidential, privileged, and not
subject to production. Nevertheless, without waiving any objection, the City will agree to produce a
copy of the file to the Court for *in camera* review, if the court so orders.

REQUEST FOR PRODUCTION:
Please provide any and all reports, memoranda, summaries, photos, emails or any other item
referenced in your answer to interrogatory number 3, above.

RESPONSE:  Objection: See response to Interrogatory No. 3, above.

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
3

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

5.  Was training provided by the CITY OF SEATTLE to individual defendants Sergeant Jandoe, and Officer Conrad, as to (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force and limitations thereon under departmental rules, and state, federal, and constitutional law?

If so, identify and describe:

(a)  the nature and substance of said training, including the identity of each instructor, lecturer, or teacher who administered said training and the dates of said training;

(b)  any materials, manuals, guidebooks, course outlines, brochures, regulations, charts, films, audiotapes, or other audiovisual material or teaching aids used in said training.

ANSWER: Yes. Seattle Police officers receive training during the state-mandated academy course, and follow-up training with the Seattle Police Department. It is not possible at this date to identify "each instructor, lecturer or teacher," nor to provide copies of the materials requested in subparagraph (b) hereof. Nevertheless, and without waiving any objections, copies of the individual training records for Sergeant Jandoe and Detective Conrad are attached hereto. This illustrates training that each has taken subsequent to becoming a Seattle Police officer (which does not include the Academy, post-Academy, or field training).

REQUEST FOR PRODUCTION:
Please provide copies of any and all materials, manuals, guidebooks, course outlines or any other materials referenced in your answer to Interrogatory number 5.

RESPONSE:  See Answer to Interrogatory No. 5, above.

7.  State whether the CITY OF SEATTLE has referred any instance of police conduct or misconduct to the prosecuting attorney's office for prosecution, or the United States Attorney, or to the FBI, in the last five (5) years.

(a)  If the answer is yes, state the name and departmental serial number (DSN) of each officer involved in each such incident, and date of each incident so referred.

a.  the name and address of the insurer;

ANSWER:  Objection:  This interrogatory requests information which is not relevant, not

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
4

material, not reasonably calculated to lead to the discovery of admissible evidence, an invasion of the individual rights of privacy of involved persons, and is outside the proper scope of Rule 26 as applied to the facts of this case. Without waiving any objection, the Seattle Police Department has made such referrals in the past, none of which involved either of the two individually-named defendants.

8.    Within the five (5) years prior to April 23, 2001, through and including the date of your answer hereto, have the City OF SEATTLE, its police department, and/or individual police officers of the CITY OF SEATTLE been the defendants in any lawsuit?

      If yes, as to each lawsuit, state and describe:

      (a)    the court and cause number of each such lawsuit;

      (b)    the disposition, whether by trial, dismissal, settlement, or whether the case is still pending.

      ANSWER:  Objection:  This interrogatory seeks information which is non-material, not relevant, not reasonably calculated to the discovery of admissible evidence, not reasonably within the scope of discovery under Rule 26 as related to the facts of this case, burdensome, and vexatious. Without waiving any objection, The City of Seattle has been named in lawsuits. Plaintiff and/or his attorney can search court dockets as easily as the defendants can, and without incurring unnecessary expenses which the defendants would necessarily have to incur.

9.    Within the five (5) years prior to April 23, 2001, through and including the date of your answer hereto, have the CITY OF SEATTLE or its police department received any citizen complaints against an officer of the department alleging excessive use of force in the making of an arrest, false arrest, and/or malicious or unlawful prosecution?

      If so, please identify and describe:

      (a)    the nature, substance, and description of each complaint;

      (b)    the name, address, and telephone number of each complainant.

      ANSWER:  Objection:  This interrogatory seeks information which is privileged, confidential, not material, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory also seeks information which may invade the individual rights of privacy of persons involved, and which is not discoverable under state and/or federal law,

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
5

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

Whether the City of Seattle has ever received any citizen complaints has no bearing on any of the allegations contained in plaintiff's Complaint, nor will it establish any of the elements of plaintiff's alleged claims against defendants Jandoc or Conrad, or the City of Seattle.

12.     Please set forth any and all policies/procedures governing background, criminal history, and general pre-employment checks, including any procedures governing psychological evaluations of candidates for the SEATTLE Police Department.

ANSWER:  Attached are copies of documents currently in use at the present time.

REQUEST FOR PRODUCTION:

Please provide copies of any written exams, disclosure forms, and pre-employment checks, and written descriptions of the testing and investigation procedures referenced in your answer to interrogatory number 12 above.

RESPONSE:  See Answer to Interrogatory No. 12, above.

B. Interrogatories addressed to Sergeant Jandoc (see responses attached to Motion to Compel

8.  Were there in existence at the times of these incidents, internal administrative procedures designed to prevent or correct instances of abuse of the authority of police officers of the Seattle Police Department? If yes, state:

a. the nature of such procedures;
b. the person who is responsible for implementing such procedures;
c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

ANSWER:

    a.     Internal Investigations.  Defendant does not work in IIS and cannot testify to the nature of the procedures of IIS.

    b.     Defendant does not know.

    c.     Objection:  Defendant objects to this request for production on the grounds that it

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
6

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, plaintiffs seek information that is privileged under RCW 5.60.060(5), RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

REQUEST FOR PRODUCTION:

Please provide copies of any and all materials, manuals, guidebooks, course outlines, or any other materials referenced on your answer to Interrogatory number 8.

N/A. See answer and objections to interrogatory number 8.

9.   Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority? If yes, state:

a. the name and address of the insurer;
b. the name and address of the person or persons who pay(s) the premiums;
c. the identification number of the policy;
d. the effective dates of each policy;
e. the policy limits, or amount of any bond;
f.  the substance of disclaimers of liability contained in the policy.

ANSWER:

Objection:  Defendant objects to this interrogatory on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding said objections, defendant answers as follows: No.

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
7

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

|  | a. | City of Seattle, Claims Department |
|---|---|---|

a. City of Seattle, Claims Department

b. Unknown

c. Unknown

d. Unknown

e. Unknown

f. Unknown

13. Regarding your interaction with the plaintiff, Mr. Botima Mangungu on April 23, 2001, please state:

b. the date, substance, and person involved in any conversation or oral report about the incident;
c. the identity of any forms or documents created in preparation for or response to the interaction.

b.       Objection:  Defendant objects to this interrogatory on the ground that it is vague and

overly broad.  Furthermore, defendant objects on the ground that plaintiff appears to be seeking

information that is privileged under RCW 5.60.060(5), RCW 42.17.310 and Dawson v. Daly,

120 Wn.2d 782 (1994).

Notwithstanding said objections, Defendant answers as follows:

Please see answer to interrogatory number 12.

c.       SPD CS #01-188782

23.  Did the CITY OF SEATTLE or its Police Department ever distribute or require the reading or viewing of any materials (written, computer, video, or audio) concerning: (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force; (4) investigation of a crime scene; (5) police abuse and misconduct; or (6) state or constitutional law?

If so, state for each:

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
8

(a) the title, author, and publication date of each such piece of material and the date when such material was given to the individual defendants to read; (b) whether or not you actually read or viewed each such piece of material, setting forth the date(s) of reading or viewing and (c) whether or not any tests of the materials were given, and if so, what were the results as to the individual officers named s defendants herein?

ANSWER:

Materials were read during this defendant's training at the Washington State Criminal Justice Training Academy.  However, defendant does not presently recall the title, author, and publication date of each such piece of material and the date when such material was given to this defendant to read.  Furthermore, this defendant does not presently recall the date(s) of reading or viewing and whether or not defendant was tested on any particular materials, and if so, the results as to this defendant.

The City of Seattle Police Department has distributed or allowed the viewing of materials relating generally to (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force; (4) investigation of a crime scene; (5) police abuse and misconduct; or (6) state or constitutional law.  However, this defendant does not recall specifically when the materials were distributed or allowed to be viewed, the exact title of the materials, and who authored the materials.

REQUEST FOR PRODUCTION:
Please provide any and all such materials referenced in your answer to interrogatory number 23.

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
9

ANSWER:

See answer to interrogatory number 23.  Furthermore, to the extent that plaintiff seeks

information that would place a threat to officer safety, or would impede the effective

administration of the City of Seattle Police Department, or would impinge on the SPD's right to

claim privilege, this defendant objects to the disclosure of such documents under RCW

5.60.060(5), RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

1.  Have you been the subject of a police department investigation or other investigation or
citizen complaint?

If so, please identify and describe:

(a) the date of each incident or complaint, the identity of the complainant, and the subject
matter of the investigation;

(b) the outcome of that investigation, including both the decision rendered and any
disciplinary action or other consequences that followed as a result thereof.


ANSWER:

Objection:  Defendant objects o this interrogatory on the grounds that it is overly broad,

unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, plaintiff seeks information that is privileged under RCW 5.60.060(5),

RCW 42.17.310 and Dawson v. Daly, 120 Wn.2d 782 (1994).

REQUEST FOR PRODUCTION:
Please provide any and all such materials referenced in your answer to interrogatory number 24.

See objection to interrogatory number 24.


Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
10

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

C.  Interrogatories addressed to Detective Conrad (see responses attached to Motion to Compel)

6.     Were you ever a defendant in any suit, which charged you, individually or in your official capacity as a police officer in the Seattle Police Department, with abuse of your lawful authority? If yes, state for each suit:
a. the name and address of each plaintiff;
b. the name and address of each defendant;
c. the nature of the cause of action;
d. the date on which the suit was instituted;
e. the court in which the suit was instituted;
f. the name and address of the attorney for each party;
g. the result of each suit that has been concluded by judgment or settlement.


ANSWER:

        No.

8. Were there in existence at the times of these incidents, internal administrative procedures designed to prevent or correct instances of abuse of the authority of police officers of the Seattle Police Department? If yes, state:
a. the nature of such procedures;
b. the person who is responsible for implementing such procedures;
c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.


ANSWER:

        a.        Internal Investigations.  Defendant does not work in IIS and cannot testify to the nature of the procedures of IIS.

        b.        Defendant does not know.

        c.        Objection:  Defendant objects to this interrogatory on the grounds that it is vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  In

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
11

2    addition, plaintiff seeks information that is privileged under RCW 5.60.060(5), RCW 42.17.310

3    and <u>Dawson v. Daly</u>, 120 Wn.2d 782 (1994).

4    REQUEST FOR PRODUCTION:

5    Please provide copies of any and all materials, manuals, guidebooks, course outlines, or any other

6    materials referenced on your answer to Interrogatory number 8.

7    ANSWER:

8

9         None was identified.

10   9. Were either you or your employer insured during the period of time during which this incident
     occurred against judgments of personal liability based on any abuse of you lawful authority, or

11   were either you or your employer a party to any bonding agreement by which you were held free
     of liability or by which an insurance company will stand as a guarantor or surety in connection

12   with any state judgment based on any abuse of your lawful authority? If yes, state:
     a. the name and address of the insurer;

13   b. the name and address of the person or persons who pay(s) the premiums;
     c. the identification number of the policy;

14   d. the effective dates of each policy;

15   e. the policy limits, or amount of any bond;
     f. the substance of disclaimers of liability contained in the policy.

16

17   ANSWER:

18

19        Objection:  Defendant objects to this interrogatory on the ground that it is irrelevant and

20   not reasonably calculated to lead to the discovery of admissible evidence.

21        Notwithstanding said objections, defendant answers as follows:  No.

22        g.    City of Seattle, Claims Department

23        h.    Unknown

24        i.    Unknown

25

26   Declaration of Counsel
     in support of Plaintiff's Reply

27   Motion to Compel Discovery
     C03-1053
     12

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

j.     Unknown

k.     Unknown

l.     Unknown

13. Regarding your interaction with the plaintiff, Mr. Botima Mangungu on April 23, 2001, please state:
b. the date, substance, and person involved in any conversation or oral report about the incident;
  c. the identity of any forms or documents created in preparation for or response to the interaction.

b.     See answer to Interrogatory 12 and Interrogatory 13 a.

      c.     Defendant does not presently recall whether Defendant created documents in

      preparation or response to the incident involving Mr. Mangungu.  However, there are

      documents relating to the robbery under SPD Case Number 01-188782

18.  Please, describe any training you received from the Seattle Police Department concerning racial profiling.

ANSWER:

      Defendant attended a general sensitivity training session but this training was not specific

to racial profiling.

19.  Have you ever been a party in a civil suit?  If yes, please list the date, county, and reason for the suit.

ANSWER:

      No.

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
  13

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622 9909  Fax (206) 622-6636

23. Did the CITY OF SEATTLE or its Police Department ever distribute or require the reading or viewing of any materials (written, computer, video, or audio) concerning: (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force; (4) investigation of a crime scene; (5) police abuse and misconduct; or (6) state or constitutional law?

If so, state for each:

(a) the title, author, and publication date of each such piece of material and the date when such material was given to the individual defendants to read; (b) whether or not you actually read or viewed each such piece of material, setting forth the date(s) of reading or viewing and (c) whether or not any tests of the materials were given, and if so, what were the results as to the individual officers named s defendants herein?

ANSWER:

Materials were read during this defendant's training at the Washington State Criminal Justice Training Academy. However, defendant does not presently recall the title, author, and publication date of each such piece of material and the date when such material was given to this defendant to read. Furthermore, this defendant does not presently recall the date(s) of reading or viewing and whether or not defendant was tested on any particular materials, and if so, the results as to this defendant.

The City of Seattle Police Department has distributed or allowed the viewing of materials generally relating to (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force; (4) investigation of a crime scene; (5) police abuse and misconduct; or (6) state or constitutional law. However, this defendant does not specifically recall when the materials were distributed or allowed to be viewed, the exact title of the materials, and who authored the

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
14

materials.

REQUEST FOR PRODUCTION:
Please provide any and all such materials referenced in your answer to interrogatory number 23.

ANSWER:

See answer to interrogatory number 23.  Furthermore, to the extent that plaintiff seeks

information that would place a threat to officer safety, or would impede the effective

administration of the City of Seattle Police Department, or would impinge on the SPD's right to

claim privilege, this defendant objects under RCW 5.60.060(5), RCW 42.17.310 and <u>Dawson v.</u>

<u>Daly</u>, 120 Wn.2d 782 (1994).

24. Have you been the subject of a police department investigation or other investigation or citizen
complaint?

If so, please identify and describe:

(a) the date of each incident or complaint, the identity of the complainant, and the subject matter
of the investigation;

(b) the outcome of that investigation, including both the decision rendered and any disciplinary
action or other consequences that followed as a result thereof.

ANSWER:

Objection:  Defendant objects to this request for production on the grounds that it is

overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence.  In addition, plaintiff seeks information that is privileged under RCW

5.60.060(5), RCW 42.17.310 and <u>Dawson v. Daly</u>, 120 Wn.2d 782 (1994).

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
15

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

REQUEST FOR PRODUCTION:
Please provide any and all such materials referenced in your answer to interrogatory number 24.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is

true and correct to the best of my information and belief.

_3/11/04   See l/A_
Date and place

Andrew W. Schwarz
WSBA #17303

Declaration of Counsel
in support of Plaintiff's Reply
Motion to Compel Discovery
C03-1053
16

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9900  Fax (206) 622-6636

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**RECEIVED**

OCT 0 2 2003

STAFFORD FREY COOPER

BOTIMA MANGUNGU AND GRACE     )
MANGUNGU, husband and wife,       )
                                  )
       Plaintiffs                 )
                                  )
    v.                            )
                                  )   CASE NO.  C03-1053P
                                  )   PLAINTIFF'S FIRST
                                  )   INTERROGATORIES AND
                                  )   REQUEST FOR PRODUCTION
CITY OF SEATTLE, et al.,          )   OF DOCUMENTS
                                  )
Defendants                        )

TO:   CITY OF SEATTLE and to STEPHEN P. LARSON and JENNIFER A.
TRAN, their Attorneys.

Plaintiff, by his counsel, hereby requests that the defendants City of Seattle answer the

following interrogatories under oath, separately and fully, within thirty- (30) days of the

time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil

Procedure. In answering these interrogatories, please furnish all information that is

available to you including, but not limited to, information in the possession of your

principals, agents, attorney(s) and accountants; not merely information known to the

personal knowledge of the person preparing the answers.

These requests are deemed to be continuing, and you have the duty to supplement your

responses if you obtain further information between the time answers are served and the

time of trial.

PLAINTIFF'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS

COPY

The Law Office of .
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6656

## DEFINITIONS

1. The term "incident" shall refer to the entire series of interactions between members of the Seattle Police Department, or any other employers of the City of Seattle, as described in the Complaint.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audiotape, and any other electronic or mechanical recording.

3. The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1. State the name, rank, and identification number of each individual police officer, agent, or employee of the City of Seattle who was in any manner involved in the incident described in Plaintiff's complaint from the first contact with the police department until all officers cleared the site, and provide a description of each individual's role or involvement.

PLAINTIFF'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS

2

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South · Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6656

ANSWER:

2.   Did any named individual defendant or any other Seattle police officer identified in response to Interrogatory No. 1 touch, push, shove, grab, kick, strike, or otherwise come into contact with the person of Plaintiff during the incident?

If so, please state:

(a) who had contact with Plaintiff; and

(b) what parts of Plaintiff's body were contacted and the total number of times he was contacted in each body part by each person identified in response to subpart (a).

(c) please describe the manner of contact for each item above.

ANSWER:

3.   Has any investigation into this incident been conducted by the internal affairs division of the department or by any other officer or employee of the CITY OF SEATTLE?

If so, please state and describe:

(a) the nature and substance of the said investigation, including but not limited to the identity of each individual or witness who was interviewed or consulted during said investigation, setting forth the nature and contents of any statement given by said individual, whether any individuals were known to the Department and were not interviewed or refused to be interviewed, whether demands for polygraphs were made, and the outcome of said investigation, including both the decision rendered and any and all disciplinary actions or other consequences that followed as a result therefrom. Were the officers involved demoted, promoted, or was no action taken?

(b) any reports, memoranda, summaries, photographs, videos, emails, or audiotapes or physical evidence and/or documents produced, generated, or collected during said investigation.

ANSWER:

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

REQUEST FOR PRODUCTION:
Please provide any and all reports, memoranda, summaries, photos, emails or any other item referenced in your answer to interrogatory number 3, above.

4.  Do you contend that the force used by individual defendants Sergeant Jandoc, Officer Conrad, and/or any other Seattle police officer against Plaintiff was reasonable and/or necessary under the circumstances?

   If so, state or describe:

   (a) all facts and witnesses that support the use of force by said Defendant(s);

   (b) each Seattle Police Department policy or procedure that authorized such use of force.

ANSWER:

REQUEST FOR PRODUCTION:
Please provide copies of any and all reports, memoranda, policies, or procedures referenced in your  answer to Interrogatory number 4, above.

5.  Was training provided by the CITY OF SEATTLE to individual defendants Sergeant Jandoc, and Officer Conrad, as to (1) making arrests or otherwise seizing criminal suspects; (2) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (3) the use of force and limitations thereon under departmental rules, and state, federal, and constitutional law?

   If so, identify and describe:

   (a) the nature and substance of said training, including the identity of each instructor, lecturer, or teacher who administered said training and the dates of said training;

   (b) any materials, manuals, guidebooks, course outlines, brochures, regulations, charts, films, audiotapes, or other audiovisual material or teaching aids used in said training.

PLAINTIFF'S  FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS

4

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South · Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

1

ANSWER:

2

3

4

5

REQUEST FOR PRODUCTION:
6   Please provide copies of any and all materials, manuals, guidebooks, course outlines or
any other materials referenced in your answer to Interrogatory number 5.
7

8

9

10

11

6.   Identify the chain of command for the CITY OF SEATTLE Police Department in
12   effect at the time of the incident, describing in succession the immediate superior or
supervisors for individual defendants Sergeant Jandoc and Officer Conrad, and
13   throughout the ranks to the ultimate final authority or commander, identifying all
individuals in the chain and the rank and title of each.
14

15

ANSWER:
16

17

18

19

7. State whether the CITY OF SEATTLE has referred any instance of police conduct or
20   misconduct to the prosecuting attorney's office for prosecution, or the United States
Attorney, or to the FBI, in the last five (5) years.
21

(a) If the answer is yes, state the name and departmental serial number (DSN) of each
22   officer involved in each such incident, and date of each incident so referred.
a. the name and address of the insurer;
23

ANSWER:
24

25

26

27

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

8.  Within the five (5) years prior to April 23, 2001, through and including the date of your answer hereto, have the City OF SEATTLE, its police department, and/or individual police officers of the CITY OF SEATTLE been the defendants in any lawsuit?

If yes, as to each lawsuit, state and describe:

(a) the court and cause number of each such lawsuit;

(b) the disposition, whether by trial, dismissal, settlement, or whether the case is still pending.

ANSWER:

9.  Within the five (5) years prior to April 23, 2001, through and including the date of your answer hereto, have the CITY OF SEATTLE or its police department received any citizen complaints against an officer of the department alleging excessive use of force in the making of an arrest, false arrest, and/or malicious or unlawful prosecution?

If so, please identify and describe:

(a) the nature, substance, and description of each complaint;

(b) the name, address, and telephone number of each complainant.

ANSWER:

10.   Identify (setting forth the name, title, and position, as well as other identifying information) each person whom you or your attorney expects to call as an expert witness at the trial of this matter.

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

(a) State the general nature of the subject matter on which each expert is expected to testify;

(b) State the substance and nature of the facts and opinions to which each expert it expected to testify and a summary of the grounds for each opinion.

ANSWER:

REQUEST FOR PRODUCTION:

Please provide any and all reports, correspondence, whether written or electronic, curriculum vitae, qualifications, and statements regarding each expert witness identified in your answer to Interrogatory number 10.

11. At the time of the incident alleged in Plaintiff's complaint, was there in effect one or more insurance agreements or any insurance pool or self insurance program or pool that may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse payments made to satisfy a judgment?

If so, please set forth:

(a) a description of each such policy, including the name and address of the company issuing each such policy, the policy number of each such policy, the effective dates of the policy, the exact identity of each named insured as set forth on each such policy, the limits of bodily injury and liability coverage of each policy, and the substance of any disclaimer of liability contained in each such policy.

ANSWER:

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

REQUEST FOR PRODUCTION:

Please provide the policy with riders that is referenced in your answer to interrogatory number 11 above or a description of any insurance pool or self-insurance program that is reference above with a statement indicating the scope of coverage and limits of liability.

12.    Please set forth any and all policies/procedures governing background, criminal history, and general pre-employment checks, including any procedures governing psychological evaluations of candidates for the SEATTLE Police Department.

ANSWER:

REQUEST FOR PRODUCTION:

Please provide copies of any written exams, disclosure forms, and pre-employment checks, and written descriptions of the testing and investigation procedures referenced in your answer to interrogatory number 12 above.

13.    Please set forth what documents, records, and memoranda relating to the background, criminal history, and general pre-employment checks of individual defendants Sergeant Jandoc and Officer Conrad are in the possession of the Seattle Police Department.

ANSWER:

REQUEST FOR PRODUCTION:

Please provide any and all materials referenced in your answer to interrogatory number 13 above.

PLAINTIFF'S  FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS

8

The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636

1
2
3    INTERROGATORIES AND REQUEST FOR PRODUCTION submitted this

4    _____ day of _____, 2003.

5
6
7
8    Andrew W. Schwarz, WSBA #17303
9    Attorney for Plaintiffs

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFF'S FIRST INTERROGATORIES          9
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS

The Law Offices of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6686

INTERROGATORIES AND REQUEST FOR PRODUCTION submitted this

_____ day of _____, 2003.


_____
Stephen P. Larson
WSBA #4959
Attorney for Defendants


_____
Jennifer A. Tran
WSBA #28756
Attorney for Defendants


### DECLARATION OF DEFENDANT

THE CITY OF SEATTLE states and declares under penalty of perjury under the law of

the United States and the State of Washington that he is one of the defendants herein; that

he has read the above and foregoing Interrogatories and Requests for Production, knows

the contents thereof, and believes the same to be true and correct.


Dated this _____ day of _____, 2003.


_____
*******

PLAINTIFF'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS                                    10                    The Law Office of
ANDREW W. SCHWARZ
119 First Avenue South • Suite 320
Seattle, Washington 98104-2577
(206) 622-9909 Fax (206) 622-6636

## Certificate of Service

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below a copy of this document entitled **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** on the following individual:

**Jennifer A. Tran, Esq.**
Stafford Frey Cooper, P.C.
3100 Two Union Square
601 Union Street
Seattle, WA 98101

*Attorney for Defendants*

[X] Via Messenger
[ ] Via Facsimile
[ ] Via First Class Mail

DATED this 30th day of September, 2003, at Seattle, Washington.

Willie Williams

The Law Office of
**ANDREW W. SCHWARZ**
119 First Avenue South · Suite 320
Seattle, Washington 98104-2577
(206) 622-9909  Fax (206) 622-6636